Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| IN RE:<br><br>NELSON A. HERNÁNDEZ PÉREZ<br><br>NÚMERO DE LICENCIA 10827<br><br>Recurrente | KLRA202300516 | *Revisión* procedente del Departamento de Estado, Junta Examinadora de Peritos Electricistas de Puerto Rico<br><br>Sobre: Suspensión de Licencia por Incumplimiento con el Artículo 16, Inciso (H) de la Ley 115-1976, según enmendada |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

I.

El 19 de mayo de 2023, el Colegio de Peritos Electricistas de Puerto Rico (Colegio) le notificó al Sr. Nelson A. Hernández Pérez mediante correo certificado que lo había referido a la Junta Examinadora de Peritos Electricistas de Puerto Rico (Junta Examinadora). Le informó que dicho referido respondió a su incumplimiento con el requisito de tomar ocho (8) horas de educación continua para el año 2021, requerido por la Ley Núm. 115 de 2 de junio de 1976, según enmendada, Ley de la Junta Examinadora de Peritos Electricistas.[1] A esos efectos, el 5 de julio de 2023, el Colegio le remitió una *Certificación* a la Junta Examinadora, y le informó que el señor Hernández Pérez había incumplido con el Art. 16(h) de la Ley Núm. 115-1976.[2]

---

[1] 20 LPRA § 2701 *et seq.*
[2] Íd., § 2715 h.

Número Identificador

SEN2023_____

Posteriormente, habiéndose expirado el término de sesenta (60) días a partir de la *Certificación*, el 5 de septiembre de 2023, la Junta Examinadora notificó mediante correo postal su *Resolución*. Razonó que, luego de evaluar la evidencia suministrada por el Colegio el señor Hernández Pérez se encontraba en incumplimiento con el requisito de educación continua durante el año 2021. Así las cosas, concluyó que procedía la suspensión de su licencia como perito electricista. En su *Resolución*, la Junta Examinadora le apercibió al señor Hernández Pérez sobre su derecho a presentar reconsideración ante la Junta Examinadora. También, le notificó sobre la posibilidad de revisar la *Resolución* ante el Tribunal de Primera Instancia, Sala de San Juan, dentro del término de (30) días de haberse notificado.

Según se desprende del expediente ante nuestra consideración, el 27 de septiembre de 2023, el señor Hernández Pérez le remitió mediante correo electrónico a la Junta Examinadora un documento titulado, *Moción en Solicitud para que se Deje sin Efecto Resolución por Cumplimiento con Requisito de Educación Continua para año 2021*. En su escrito acompañó copia de un certificado expedido por el Colegio de Peritos Electricistas de Puerto Rico el sábado 27 de febrero de 2021, acreditando que el señor Hernández Pérez había cumplido con un Seminario sobre *Certificación de Instalador de Sistemas Fotovoltaicos*, equivalente a treinta (30) créditos.

Previo a la resolución de su *Moción* por parte de la Junta Examinadora, **el 4 de octubre de 2023**, el señor Hernández Pérez acudió ante nos mediante *Recurso de Revisión Judicial*.[3]

---

[3] Sostiene que la agencia recurrida cometió los siguientes errores.
**Primer Error:**
ERRÓ LA JUNTA EXAMINADORA AL TOMAR LA DETERMINACIÓN DE SUSPENDER SUMARIAMENTE LA LICENCIA DE PERITO ELECTRICISTA DEL RECURRENTE POR ALEGADO INCUMPLIMIENTO CON LAS HORAS CONTACTO DE EDUCACIÓN CONTINUADA PARA EL PERIODO QUE CULMINABA EL 31 DE DICIEMBRE DE 2021, SIN UN PROCEDIMIENTO PREVIO ADECUADO QUE GARANTIZARÁ EL DERECHO QUE LE ASISTE AL DEBIDO PROCESO DE LEY CONSAGRADO EN LA CONSTITUCIÓN DE

Posteriormente, el 6 de octubre de 2023, el señor Hernández Pérez presentó ante nuestra consideración, *Solicitud para Suspensión Efectos de la Resolución Recurrida.*

En el ejercicio de la facultad discrecional que nos concede la Regla 7 (B)(5) de nuestro Reglamento,[4] preterimos de todo trámite ulterior y, por los fundamentos que expondremos a continuación *desestimamos* el presente *Recurso.*

II.

A.

La Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003, según enmendada,[5] delimita la facultad revisora de este Tribunal de Apelaciones. En lo pertinente, establece que se podrá recurrir ante este Foro "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas".[6] Así, la Regla 56 de nuestro Reglamento contiene una disposición similar, que limita

---

PUERTO RICO Y EN LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME, LEY NÚM. 38-2017.
**Segundo Error:**
ERRÓ LA JUNTA EXAMINADORA AL APLICAR EL PROCESO DE SUSPENSIÓN SUMARIO DE LICENCIA ESTABLECIDO EN EL ART. 16, INCISO (H) DE LA LEY NÚM. 115, DISPOSICIÓN DE LEY INCONSTITUCIONAL QUE PRIVÓ AL RECURRENTE DE UN DERECHO PROPIETARIO EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.
**Tercer Error:**
ERRÓ LA JUNTA EXAMINADORA AL NO RECTIFICAR SU DETERMINACIÓN DE SUSPENDER LA LICENCIA DE PERITO ELECTRICISTA DEL RECURRENTE A PESAR DEL ENVÍO POR PARTE DE ÉSTE DE LA CERTIFICACIÓN EMITIDA POR EL COLEGIO DE PERITOS ELECTRICISTAS EL 27 DE FEBRERO DE 2021 ACREDITANDO A SU FAVOR TREINTA (30) HORAS CONTACTO DE EDUCACIÓN CONTINUADA EN CUMPLIMIENTO CON EL MÍNIMO DE HORAS REQUERIDAS PARA EL PERIODO QUE CULMINABA EL 31 DE DICIEMBRE DE 2021.

[4] La Regla 7(B)(5) dispone:
El Tribunal de Apelaciones tendrá la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a los ciudadanos. 4 LPRA Ap. XXII-B, R. 7 (B)(5).
[5] 4 LPRA § 24 *et seq.*
[6] Íd., § 24 y (c).

nuestra jurisdicción revisora a determinaciones administrativas finales.[7]

Ello resulta igualmente compatible con las disposiciones de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley Núm. 38 del 30 de junio de 2017,[8] y con la doctrina de agotamiento de remedios administrativos. Al respecto, el Sec. 4.2 de la LPAU dispone que, "[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones".[9]

En cuanto a la doctrina de agotamiento de remedios administrativos, sabemos que constituye una norma de autolimitación judicial que determina la etapa en que un tribunal de justicia debe intervenir en una controversia que se ha presentado inicialmente en un foro administrativo.[10] Al determinar la etapa en la cual el litigante puede recurrir a los tribunales, esta doctrina evita una intervención judicial innecesaria que interfiera con el trámite normal del proceso administrativo.[11] La necesidad de agotar los remedios administrativos antes de acudir al foro judicial es un requisito jurisdiccional,[12] el cual impide la intervención judicial hasta tanto no hayan sido agotados todos los remedios administrativos disponibles al nivel de la agencia.[13] Así, la determinación administrativa reflejará la postura final de la agencia.[14]

---

[7] 4 LPRA Ap. XXII-B, R. 56.
[8] 3 LPRA § *et seq.*
[9] Íd., § 9672.
[10] *S.L.G. Flores-Jiménez* v. *Colberg*, 173 DPR 843, 851 (2008).
[11] *Guadalupe* v. *Saldaña, Pres. UPR*, 133 DPR 42, 49 (1993).
[12] *Asoc. Pesc. Pta. Figueras* v. *Pto. del Rey*, 155 DPR 906, 916 (2001).
[13] *Guzmán y otros* v. *ELA*, 156 DPR 693, 714 (2002).
[14] *Colón Rivera et al.* v. *ELA*, 189 DPR 1033 (2013).

B.

Es axioma encumbrado y trillado que un recurso prematuro al igual que uno tardío, "sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[15] Sin embargo, existe una importante diferencia en las consecuencias que acarrean. La desestimación por tardío priva fatalmente a la parte de poder presentar el recurso nuevamente, ante el mismo foro o cualquier otro. No obstante, la desestimación de un recurso por prematuro permite que la parte que recurre pueda presentarlo nuevamente, una vez el foro apelado resuelve lo que estaba ante su consideración.[16] Según nuestro Tribunal Supremo de Puerto Rico, prematuro es lo que ocurre antes de tiempo; en el ámbito procesal, una revisión o un recurso prematuro es aquel presentado en la secretaría de un tribunal apelativo antes de que éste tenga jurisdicción.[17]

La presentación de un recurso prematuro carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*punctum temporis*) no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos, para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa.[18] Ello explica la exigencia y necesidad de presentar un nuevo recurso (con su apéndice) y efectuar su notificación dentro del término jurisdiccional.[19]

Es sabida norma que la jurisdicción es la autoridad que tienen los foros judiciales para atender controversias con efecto vinculante para las partes, por lo que el incumplimiento con estos requisitos impide que nosotros podamos atender la controversia que se nos

---

[15] *Julia Padró, et al* v. *Vidal, S.E.*, 153 DPR 357, 366 (2001); *Rodríguez* v. *Zegarra*, 150 DPR 649, 654 (2000).
[16] Véase: *Yumac Home* v. *Empresas Masso,* 194 DPR 96, 107 (2015); *Torres Martínez* v. *Ghigliotty,* 175 DPR 83, 97-98 (2008).
[17] *Hernández* v. *Marxuach Const. Co.*, 142 DPR 492, 497 (1997).
[18] *Julia,* 153 DPR, pág. 367; *Rodríguez,* 150 DPR, pág. 654.
[19] *Padilla Falú* v. *Administración de Vivienda,* 155 DPR 183 (2001).

presenta.[20] Los tribunales estamos llamados a ser guardianes de la jurisdicción que nos autoriza entender en los méritos de un caso.[21] "Las cuestiones relativas a la jurisdicción de un tribunal son privilegiadas y como tal deben atenderse y resolverse con preferencia a cualesquiera otras".[22] Los tribunales no pueden atribuirse jurisdicción si no la tienen, ni las partes en litigio pueden otorgársela.[23]

La ausencia de jurisdicción es insubsanable.[24] Así, cuando un tribunal determina que no tiene la autoridad para atender un recurso, sólo puede así declararlo y desestimar el caso.[25] Las disposiciones reglamentarias sobre los recursos a presentarse ante este Tribunal de Apelaciones deben observarse rigurosamente.[26] Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.[27]

### III.

De inicio, nos corresponde determinar si ostentamos jurisdicción para atender el presente *Recurso*. Veamos.

El 5 de septiembre de 2023, notificada el mismo día, la Junta Examinadora emitió *Resolución* suspendiendo la licencia del señor

---

[20] *Pérez Soto* v. *Cantera Pérez, Inc. y otros*, 188 DPR 98 (2013); *Souffront* v. *AAA*, 164 DPR 663, 674 (2005).

[21] *Torres Alvarado* v. *Madera Atiles,* 202 DPR 495 (2019); *Carattini* v. *Collazo Systems Analysis, Inc.,* 158 DPR 345 (2003); *Vázquez* v. *ARPE,* 128 DPR 513, 537 (1991).

[22] *Ruiz Camilo* v. *Trafon Group, Inc.,* 200 DPR 254, 267 (2018); *S.L.G. Szendrey-Ramos* v. *F. Castillo,* 169 DPR 873, 882 (2007); *Morán* v. *Martí,* 165 DPR 356, 364 (2005); *Vega et al.* v. *Telefónica,* 156 DPR 584, 595 (2002); *Pagán* v. *Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997).

[23] *Allied Management Group Inc.* v. *Oriental Bank*, 204 DPR 374 (2020); *Maldonado* v. *Junta Planificación*, 171 DPR 46, 55 (2007); *Vázquez*, 128 DPR, pág. 537.

[24] Íd.; *Souffront*, 164 DPR, pág. 674.

[25] *Allied Management Group Inc.*, 204 DPR; *Caratini,* 158 DPR, pág. 356; *Vega*, 156 DPR, pág. 595.

[26] *Isleta, LLC* v. *Inversiones Isleta Marina, Inc.*, 203 DPR 585 (2019); *García Morales* v. *Mercado Rosario,* 190 DPR 632 (2014); *Soto Pino* v. *Uno Radio Group*, 189 DPR 84 (2013); *Hernández* v. *The Taco Maker*, 181 DPR 281 (2011); *Lugo* v. *Suárez*, 165 DPR 729 (2005); *Pellot* v. *Avon,* 160 DPR 125 (2003).

[27] 4 LPRA Ap. XXII-B, R. 83.

Hernández Pérez como perito electricista. En dicha *Resolución,* y según establece la Ley Núm. 115-1976, la Junta Examinadora le apercibió al señor Hernández Pérez sobre su derecho a presentar reconsideración ante la Junta Examinadora en el plazo de veinte (20) días desde la notificación. Además, le informó sobre la posibilidad de comenzar un proceso de revisión ante el Tribunal de Primera Instancia, Sala de San Juan, en el término de treinta (30) días de haberse notificado la resolución.

Sin embargo, como relacionamos previamente, el señor Hernández Pérez optó por enviar el **27 de septiembre de 2023**, a la Junta Examinadora mediante correo electrónico *Moción en Solicitud para que se Deje sin Efecto Resolución por Cumplimiento con Requisito de Educación Continua para año 2021*. Al respecto, el señor Hernández Pérez nos informó en el *Recurso* presentado ante nuestra consideración que, al momento de la presentación del mismo, la Junta Examinadora no se había expresado y/o atendido su *Moción.* Ello así, el señor Hernández Pérez acudió ante nuestra consideración sin haber agotado el trámite dispuesto en la Ley Núm. 115-1976, privándonos de jurisdicción para atenderlo.

IV.

Por los fundamentos antes expuestos, *desestimamos* el recurso por falta de jurisdicción al ser prematuro.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones